UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ERNEST T. MORALES, *pro se*,            :
                                        :
                  Plaintiff,            :
                                        :
        -against-                       :          **SUMMARY ORDER**
                                        :          12-CV-2350(DLI)
BRIAN L. GOLDBECK, *et al.*,            :
                                        :
                  Defendants.           :
----------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

*Pro se*[1] Plaintiff Ernest T. Morales, a United States citizen, brought this action alleging the process by which the United States consulate in Guangzhou, China denied his fiancée a visa to enter the United States was unlawful. On March 11, 2013, the Court issued an Order granting Defendants' motion to dismiss for lack of subject matter jurisdiction. (Order at 1, Dkt. Entry No. 17.) On March 12, 2013, the Clerk of the Court entered a judgment consistent with the Court's Order. (Judgment, Dkt. Entry No. 18.) On March 26, 2013, Plaintiff filed a Motion for Disclosure of Chambers Papers and Memorandum of Law in Support of the Motion for Disclosure. (Motion for Disclosure of Chambers Papers ("Mot. for Discl."), Dkt. Entry No. 19; Mem. of Law in Support of Mot. for Discl., Dkt. Entry No. 20.) Plaintiff seeks "Case-related correspondence and background material (including but not limited to memoranda between judges and law clerks, drafts of orders and opinions, other correspondence or papers generated in this action)" and "whatever software is used as a template for law clerks to use to deny relief to litigants." (Mot. for Discl. at 1-2.) For the reasons set forth below, Plaintiff's request is denied.

---

[1] The Court interprets Petitioner's submissions "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").

According to the Second Circuit, a court's decision making process should be kept in great confidence. *Goetz v. Crosson*, 41 F.3d 800, 805 (2d Cir. 1994) ("The inner workings of administrative decision making processes are almost never subject to discovery . . . . Clearly, the inner workings of decision making by courts are kept in even greater confidence."). This proposition follows from the "well-settled" law that testimony regarding the "deliberative thought processes of judges, juries or arbitrators is inadmissible." *Rubens v. Mason*, 387 F.3d 183, 191 (2d Cir. 2004) (citing *Fayerweather v. Ritch*, 195 U.S. 276, 307 (1904)). Similarly, other jurisdictions have recognized a "judicial privilege" that protects the confidential communications among judges and their staff to promote the proper discharge of their judicial duties. *See In re United States*, 463 F.3d 1328, 1332 n.4 (Fed. Cir. 2006) (noting Eleventh and Seventh Circuit decisions discussing judicial privilege).

The materials requested by Plaintiff are confidential and not subject to disclosure based on Plaintiff's dissatisfaction with the outcome of his case. While Plaintiff has cited to cases that discuss the importance of transparency in the court system, these cases deal with the public nature of court proceedings, not the inner thought processes of judges. For example, Plaintiff cites *United States v. Cojab*, 996 F.2d 1404 (2d Cir. 1993). The Second Circuit in *Cojab* addressed the public's right to attend a court proceeding and view documents filed on the docket in a criminal case. Ultimately, the court held that the district court had properly limited access to the hearing and sealed documents. *Id.* at 1408-09. The request in this case differs significantly from the request to observe proceedings and documents that are generally presumed to be open to the public. In this case, Plaintiff seeks materials that are confidential and would reveal the inner workings of the judge's thought processes.

# CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Disclosure of Chambers Papers is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED

Dated: Brooklyn, New York
      March 27, 2014

_____/s/_____
DORA L. IRIZARRY
United States District Judge